# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY, <br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL INC., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CAUSE NO.: 2:17-CV-95-JVB-JPK <br> ) <br> ) <br> ) |

## OPINION AND ORDER

This matter is before the Court on Defendant Honeywell International Inc.'s Motion to Dismiss Plaintiffs' Complaint [DE 13], filed on April 24, 2017, and on Gary/Chicago International Airport Authority's Request for Status Conference [DE 22], filed on May 14, 2019.

## PROCEDURAL BACKGROUND

On March 1, 2017, Plaintiff Gary/Chicago International Airport Authority (the "Airport") filed a complaint against Defendant Honeywell International Inc. ("Honeywell), seeking to recover the cost of remediating environmental contamination for which the Airport alleges Honeywell is responsible.

The following is a summary of the allegations in the complaint. From 1967 to 1985, Conservation Chemical Company of Illinois (CCCI) operated a storage, treatment, and disposal site for hazardous substances on a 4.1 acre parcel of land adjacent to the Airport's main runway (the "Site"). When it left in 1985, CCCI left behind substantial soil and groundwater contamination, resulting in an EPA removal action at the Site. The EPA specifically identified Honeywell as a potentially responsible party (PRP) in a Unilateral Administrative Order, which was supplemented on November 22, 1985. Honeywell and other PRPs entered into an Administrative Order by Consent (AOC) in 1998, which was later amended in 2001, to abate a

portion of the Site's environmental issues. Offsite groundwater contamination at the Airport and contamination of the Boeing Ditch were not included in the AOCs. In September 2014, the Indiana Department of Environmental Management (IDEM) demanded that the Airport investigate and remediate that offsite groundwater and Boeing Ditch contamination. The Airport has borne the costs of this remediation, but it has not caused or contributed to the contamination. The hazardous substances—petroleum constituents and volatile organic compounds—are the same as those which Honeywell (and its subsidiary) delivered to CCCI.

The Airport seeks to recover its costs under CERCLA § 107(a), 42 U.S.C. § 9607(a), or, alternatively, under CERCLA § 113(f), 42 U.S.C. § 9613(f), and under Indiana Code §§ 13-30-9-2 and -3. The Airport also asks for a declaratory judgment on liability for response costs or damages that will be binding on any subsequent actions to recover further response costs or damages.

Honeywell filed its motion to dismiss on April 24, 2017, arguing that the Airport failed to state a claim upon which relief can be granted. Specifically, Honeywell argues that the federal claims are barred by a 2016 agreement with IDEM and by contribution protection that Honeywell received for its prior participation with the CCCI remediation, and that the state claim is preempted. The Airport filed a response on June 2, 2017, and Honeywell filed a reply on June 22, 2017.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

## ANALYSIS

### A. Judicial Notice

As a general rule, evidence cannot be submitted to the Court for consideration in ruling on a motion brought under Rule 12(b)(6). However, Federal Rule of Evidence Rule 201(b) allows judicial notice of an adjudicative fact that "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Honeywell submitted four exhibits with its motion to dismiss: an AOC dated September 15, 1998; an October 1, 2001 letter with an attached, unsigned Amended AOC; a Continuing Obligation Agreement and Covenants Not to Sue signed by the Airport, its counsel, and IDEM, and approved by the Indiana Attorney General on February 8, 2016; and a letter from IDEM Deputy Assistant Commissioner Lisa McCoy to the Airport's counsel on September 8, 2014.

The question here is whether the documents contain adjudicative facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The advisory committee notes to the 1972 proposed Rule 201 clarify that "[a]djudicative facts are simply the facts of the particular case."

The letter with the attached unsigned amended AOC does not appear to contain any facts relevant to the instant dispute that qualify for judicial notice. The amended AOC attached to the letter is not executed, so its accuracy is not above reasonable questioning. Similarly, the facts in the letter from IDEM's Deputy Assistant Commissioner to the Airport's counsel cannot be accurately and readily determined. The facts in the letter were not adjudicated, and the letter's provenance may be disputed. *See In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (Easterbrook, J., *in camera*).

Regarding the 1998 AOC and the 2016 Agreement, Honeywell argues that each document "is a matter in the public record that the Court may take judicial notice of while considering Honeywell's motion to dismiss." (Mem. Supp. Mot. Dismiss 10, 14, nn.9, 11, ECF No. 14). However, Honeywell itself appears to not fully accept the documents, as it previously stated that the facts as set forth in its memorandum are from the complaint's allegations or "from either documents incorporated into the Complaint by reference or matters of public record" and "are assumed to be true solely for the purpose of this motion to dismiss. Honeywell does not waive its right to challenge *any and all of these facts*." *Id.* at 2 n.1. Honeywell's express reservation of the right to dispute the very facts that it asks the Court to take judicial notice of is troubling. With the party requesting judicial notice reserving the right to challenge the facts, the Court will not find that judicial notice of the facts in the documents is proper.

### B. The Airport's Claims

A.   *CERCLA Section 113*

Honeywell's only argument that the Airport has not stated a claim under CERCLA § 113 is because Honeywell resolved its liability for the CCCI Site in 1998 and § 113(f)(2) provides that "[a] person who has resolved its liability to the United States or a State in an administrative or

judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement."

Honeywell requests judicial notice of the 1998 AOC to support the following statement: "Honeywell received contribution protection from exactly the types of claims the Airport now tries to bring: 'With regard to claims for contribution against Respondents for matters addressed in this Order, *the Parties hereto agree that the Respondents are entitled to protection from contribution actions or claims to the extent provided by Section 113(f)(2)* and 122(h)(4) of CERCLA.'" (Mem. Supp. Mot. Dismiss 13-14, ECF No. 14 (quoting AOC 25-26, ECF No. 14-1)). As stated above, the Court declines to take judicial notice of the statement. However, even if the Court were inclined to take judicial notice, the most that the Court can take judicial notice of is the fact that the parties to the AOC agreed that the AOC respondents are entitled to the protections. Without more, the Court is not bound to honor that agreement to the detriment of a non-signatory of the agreement. Thus, even if the Court would take judicial notice of the fact of this agreement, that would not be determinative of the issue of whether the Airport can bring a § 113 claim.

Further, the Airport alleged that the remediation work performed under the AOC did not include remediation of the contamination at issue here, so, taking the allegations as true, the contamination here is not a part of the matter addressed by the AOC. Honeywell presents no other argument that the Airport has not stated a claim under § 113, so the motion is denied as to this claim.

B.      *Section 107*

A successful § 107 claim has four elements: "(1) the site in question is a 'facility' as defined by CERCLA; (2) the defendant is a 'responsible person' for the spill as defined by CERCLA; (3) there was a release of hazardous substances; and (4) such release caused the Plaintiff to incur

response costs." *Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 463 (7th Cir. 2012) (§ 107 claim). Honeywell does not dispute that the Airport has alleged facts to satisfy these elements. Instead, Honeywell argues that the Airport cannot state a claim under CERCLA § 107(a) because the Airport meets the statutory criteria for a CERCLA § 113(f)(3)(B) claim instead.

Though the Airport brings claims under both §107 and § 113 of CERCLA, the claims are mutually exclusive. The Seventh Circuit Court of Appeals has explained it as follows:

> Whether a party must proceed under section 107(a) or 113(f) depends on the procedural posture of the claim. If a party already has been subjected to an action under section 106 or 107, or has "resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement," it must proceed under section 113(f). Conversely, a party that has not been subjected to an enforcement or liability action, and that is not party to a settlement, may proceed under section 107(a). Section 113(f) is closed to a litigant without a preexisting or pending liability determination against it even if it wants to proceed by that route, because that statute creates a right to contribution, and contribution exists only among joint tortfeasors liable for the same harm. Thus, although a strict reading of the phrase "necessary costs of response" in section 107(a) might suggest that parties who pay pursuant to an enforcement action might be able to sue under section 107(a), this court—like our sister circuits—restricts plaintiffs to section 113 contribution actions when they are available.

*NCR Corp. v. George A. Whiting Paper Co.*, 768 F.3d 682, 690–91 (7th Cir. 2014) (citations omitted). In line with the above law, the Airport has pled its CERCLA claims alternatively; it only asks for relief under § 113 if relief is not available under § 107. *See* (Compl. ¶ 34, ECF No. 1).

The Airport has not plead itself out of a claim. The complaint does not conclusively allege that the Airport reached a settlement of the type that would qualify under § 113(f)(3)(B). Honeywell relies on material outside of the Complaint—of which the Court does not take judicial notice—to make its argument that the Airport reached such a settlement. Honeywell has not presented any other argument for dismissing the § 107 claim. Because it is not apparent from the facts alleged in the complaint which claim is appropriate, both alternatively-plead claims survive Honeywell's motion.

C.  *Declaratory Judgment and State Claim*

Honeywell's only argument for dismissing the declaratory judgment claim is that it is predicated on the § 107 and § 113 claims, which Honeywell believes should be dismissed. Because the predicate claims survive, so does the declaratory judgment claim.

Similarly, Honeywell argues that the Indiana state law claim should be dismissed because the "contribution protection" that it believes precludes the § 113 claim should also preclude the state law claim. However, the Court has not found that the Airport's complaint shows contribution protection to be appropriate. Therefore, the Court denies the request to dismiss this claim.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant Honeywell International Inc.'s Motion to Dismiss Plaintiffs' Complaint [DE 13] and **DENIES** Gary/Chicago International Airport Authority's Request for Status Conference [DE 22].

SO ORDERED on February 12, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
