UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY,<br>　　　　Plaintiff, | )<br>)<br>)<br>) |
| v. | ) CAUSE NO.: 2:17-CV-95-JVB-JEM |
| HONEYWELL INTERNATIONAL INC. and UOP, LLC,<br>　　　　Defendants. | )<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant UOP LLC's Motion to Dismiss Amended Complaint [DE 39], filed May 4, 2020. Plaintiff responded on May 18, 2020, and Defendant UOP replied on May 26, 2020. For the reasons described below, the motion is denied.

## PROCEDURAL BACKGROUND

In 2017, Plaintiff Gary/Chicago International Airport Authority (the "Airport") filed a complaint against Defendant Honeywell International Inc. ("Honeywell"), seeking to recover costs the Airport incurred remediating environmental contamination. Honeywell filed a motion to dismiss the complaint, which was denied. The Airport then amended its complaint to add UOP as a Defendant. In brief, the Amended Complaint alleges as follows: From 1967 to 1985, Conservation Chemical Company of Illinois (CCCI) operated a storage, treatment, and disposal site adjacent to the airport. During that time, Honeywell and its wholly-owned subsidiary UOP generated and sent large quantities of hazardous substances to the site, causing substantial soil and groundwater contamination. In September 2014, the Indiana Department of Environmental Management (IDEM) demanded that the Airport investigate and remediate contamination around

the site. The Airport has borne the costs of this remediation, but it has not caused or contributed to the contamination.

The Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") permits a plaintiff who has spent money investigating and remediating environmental contamination to recoup costs from "responsible parties" who contributed to the damage. Among other claims, the Airport seeks to recover its costs under CERCLA § 107(a), 42 U.S.C. § 9607(a), or, alternatively, under CERCLA § 113(f), 42 U.S.C. § 9613(f). To sustain a claim under Section 113(f), the plaintiff must have been subjected to a civil action pursuant to CERCLA or have entered into an administrative or judicially approved settlement with a State or the United States as to those costs. UOP seeks to dismiss Count II of the Amended Complaint, the claim under Section 113(f), because the Airport fails to allege a qualifying civil action or settlement.

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); see also *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint "must contain sufficient factual matter, accepted as true,

2

to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

## ANALYSIS

UOP seeks to dismiss Count II of the Airport's Complaint, which seeks contribution pursuant to Section 113(f) of CERCLA. Under CERCLA, a person who arranges for the transfer of hazardous substances to a property can be liable for the costs of investigating and remediating the environmental damage. *See* 42 U.S.C.A. § 9607. One right of action provided by CERCLA arises from Section 113(f) of the Act. A Section 113(f) claim is only available in two circumstances: 1) "during or following any civil action under section 9606 of [CERCLA] or under 9607 [of CERCLA]" or 2) where a person has "resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement." 42 U.S.C. § 9613(f).

UOP argues that the Amended Complaint fails to specifically identify the action or settlement that permits this claim, and the Airport's failure to plead this necessary element means the claim must be dismissed. The Airport concedes that it did not identify the specific triggering action or settlement, but argues that it did not have to, and that its Amended Complaint provides sufficient detail to give UOP fair notice of the Section 113(f) claim.

Generally speaking, a plaintiff is not obligated to plead "facts that bear on the statutory elements of a claim." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 800 (7th Cir. 2018) (citing *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017)). Therefore, it is "manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each." *Chapman*, 875 F.3d at 848; *see also Haber Land*

3

*Co. v. Am. Steel City Indus. Leasing, Inc.*, 388 F. Supp. 3d 1050, 1061 (S.D. Ind. 2019) ("The information regarding 'who, what, when, and where' . . . which would be required under a heightened pleading standard . . . is simply not required" in a CERCLA case).

UOP cites several cases, some in the context of a motion to dismiss, emphasizing that a Section 113(f) claim cannot proceed unless there is a qualifying action or settlement. If the Airport had pled (or conceded) that no such qualifying event existed, it could not state a claim under Section 113(f). *See Metro. Water Reclamation Dist. of Greater Chicago v. N. Am. Galvanizing & Coatings, Inc*., 473 F.3d 824, 830 (7th Cir. 2007) (affirming dismissal of Section 113(f) claim where "*[i]t is clear* . . . [the plaintiff] has not been the subject of an action for damages or compliance under CERCLA.") (emphasis added); *City of Gary v. Shafer*, No. 2:07CV56 PRC, 2007 WL 3019918, at *7 (N.D. Ind. Oct. 4, 2007) (dismissing where the plaintiff "concede[d] that no section 106 or 107 litigation was filed, but argue[d] that it can properly bring a section 113 claim"). But where the pleadings leave a factual issue as to whether such an event occurred, dismissal under Rule 12(b)(6) is not appropriate. *See Twombly*, 550 U.S. at 555-56.

UOP also argues that the claim should be dismissed as time-barred. "No action for contribution [under CERCLA Section 113(f)] may be commenced more than 3 years after -- (A) the date of judgment in any action under this chapter for recovery of such costs or damages, or (B) the date of an administrative order […] or entry of a judicially approved settlement with respect to such costs or damages." 42 U.S.C. § 9613(g)(3). UOP states that the IDEM's initial demand against the Airport occurred in 2014, and a settlement[1] between the Airport and IDEM took place in 2016, so any claim against UOP made in the Amended Complaint filed on March 13, 2020 is time-barred.

---

[1] The Court has previously declined to take judicial notice of the alleged settlement in denying Honeywell's motion to dismiss. *See* [DE 23] at 4.

4

The Airport's claim would be dismissed if it had pled facts conclusively demonstrating that the claim was untimely. *See, e.g.*, *Refined Metals Corp. v. NL Indus. Inc.*, 937 F.3d 928, 929-931 (7th Cir. 2019). But although the Airport discusses the IDEM's 2014 demand in the Amended Complaint, the Airport does not allege that the 2014 demand, or the alleged 2016 settlement, is the triggering event for the Section 113(f) claim. As discussed above, the Amended Complaint does not identify the time at which the triggering event occurred, so it does not demonstrate that the claim is untimely. Under these circumstances, "[a] plaintiff is not required to plead elements in his or her complaint that overcome affirmative defenses, such as statute-of-limitations defenses." *NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2018); *see also Clark v. City of Braidwood*, 318 F.3d 764, 767 (7th Cir. 2003) ("[T]hough a plaintiff can plead himself out of court if he alleges facts that affirmatively show that his suit is time-barred, that is not what we have here.") (citation omitted).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant UOP LLC's Motion to Dismiss Amended Complaint [DE 39]. The Court **GRANTS** UOP LLC until **November 20, 2020** to file its answer to the Amended Complaint.

SO ORDERED on November 6, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

5