UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY,<br>            Plaintiff,<br><br>      v.<br><br>HONEYWELL INTERNATIONAL INC. and UOP LLC,<br>            Defendants.<br>_____<br><br>HONEYWELL INTERNATIONAL INC. and UOP LLC,<br>            Counterclaimants,<br><br>      v.<br><br>GARY/CHICAGO INTERNATIONAL AIRPORT AUTHORITY,<br>            Counterclaim Defendant. | CAUSE NO.: 2:17-CV-95-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion to Bar Contribution Claims [DE 71] filed by the parties on September 30, 2021. The parties ask the Court to issue an order pursuant to its power under the All Writs Act, 28 U.S.C. § 1651(a), barring claims for contribution by any person, agency, or entity against Defendants Honeywell International Inc. an UOP LLC or any of their respective direct or indirect parents, subsidiaries, affiliates, directors, officers, or representatives.

**BACKGROUND**

Relevant to this litigation is the "CCCI Site," which is 4.1 acres of land previously used by the Conservation Chemical Company of Illinois, Inc. (CCCI) from 1967 to 1985 to treat and dispose hazardous waste sent to it by its customers. CCCI left behind substantial contamination

when it abandoned the CCCI Site in 1985. Predecessors to both Defendants entered into consent orders with the EPA regarding the CCCI Site in the 1990s.

In 2013, Plaintiff accepted title to the CCCI Site in order to extend its main runway over part of the land. The following year, the Indiana Department of Environmental Management (IDEM) demanded that Plaintiff investigate and remediate contamination found in groundwater south of the CCCI Site on Plaintiff's property and in a ditch extending from the CCCI Site and across Plaintiff's property to where it discharges into the Grand Calumet River.

Plaintiff filed this suit pursuant to CERCLA to recover costs from Defendants for the work Plaintiff has performed at IDEM's direction. Defendants countersued, alleging a right to contribution from Plaintiff.

Earlier this year, the parties entered into a settlement agreement to resolve all claims that were or could have been alleged in this action. Without admitting liability, Defendant Honeywell International Inc. agrees to either pay $900,000 to Plaintiff or reach an agreement with Plaintiff to provide in-kind products or services of equal value. Another term of the settlement agreement is the parties jointly filing the instant motion requesting an order barring contribution claims.

## ANALYSIS

CERCLA bars contribution claims against parties who settle with the federal or state government. 42 U.S.C. § 9613(f)(2). Authority for barring contribution claims against parties who have settled with other private parties come from the All Writs Act, 28 U.S.C. § 1651(a). *See Haber Land Co. v. Am. Steel City Indus. Leasing, Inc.*, No. 1:18-CV-04091, 2020 WL 3258649, at *1 (S.D. Ind. June 16, 2020) (adopting magistrate judge report and recommendation). Barring contribution claims in private-party CERCLA actions furthers "CERCLA's settlement-favoring policy" and allows for money to be spent on cleaning up contaminated sites that would otherwise

2

be spent on litigation costs. *United States v. SCA Servs. of Ind., Inc.*, 827 F. Supp. 526, 532 (N.D. Ind. 1993). When determining whether to order a contribution bar, courts consider fairness, reasonableness, and consistency with CERCLA's objectives. *See id.*; *see also Haber Land Co. v. Am. Steel City Indus. Leasing, Inc.*, No. 1:18-CV-04091, 2020 WL 3259016, at *4 (S.D. Ind. June 1, 2020) (report and recommendation of magistrate judge).

### A. Fairness

Regarding procedural fairness, the parties represent that they mediated with experienced mediator Bill Baten for a full day and continued to work with Mr. Baten after the mediation. During the negotiation process, the parties assessed the risks and costs of litigation versus the various settlement offers. The settlement is procedurally fair.

Regarding substantive fairness, the parties represent that the EPA determined that Defendants are responsible for approximately 6% of the total waste sent to the CCCI Site.[1] Plaintiff has incurred $1.1 million in costs and estimates future costs will be between $1.8 million and $14 million. The $900,000 amount of the settlement is approximately 6% of the highest estimated total past and future costs. Accordingly, the settlement amount is substantively fair.

### B. Reasonableness

In addition to being fair, the settlement is reasonable. The settlement funds will help pay for remediation, and remediation benefits the general public. The parties had differing views on Defendants' liability, with potential arguments regarding the statute of limitations and the effect of prior EPA settlements. The parties recognized, however, that litigations costs, including experts, discovery, and summary judgment briefing, could be substantial. "Settling this case now, rather

---

[1] The parties cite to the Generator Summary Ranking Report, which is Appendix C to the 1996 De Minimis Agreed Order On Consent. However, the parties' numbers do not exactly match those on the report. *See* (ECF No. 71-1). Regardless, the Court accepts the parties' representations on this matter.

than continuing to litigate, means that funds that would have been spent on litigation by all sides will go toward remediation." *Haber Land Co.*, 2020 WL 3259016, at *4.

### C. Consistency with CERCLA's Objectives

CERCLA "was designed to promote the timely cleanup of hazardous waste sites and to ensure that the costs of such cleanup efforts were borne by those responsible for the contamination." *Bernstein v. Bankert*, 733 F.3d 190, 200 (7th Cir. 2013) (citations omitted). Settlements that are fair and reasonable further the goals of CERCLA. This settlement promotes the remediation of the contamination, and the costs are borne by Plaintiff and Defendant Honeywell. The settlement is consistent with CERCLA.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Joint Motion to Bar Contribution Claims [DE 71].

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), the Court **ORDERS** that claims by any person, agency, or entity against Defendant Honeywell International, Inc., Defendant UOP LLC, or any of their respective direct or indirect parents, subsidiaries, affiliates, directors, officers, or representatives for contribution regarding matters addressed in the settlement are **BARRED**.

SO ORDERED on October 4, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT